IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEVEN V. BALTICH,         )
                             )
             Plaintiff,      )     Civil Action No. 03-0474
                             )
     vs.                    )
                             )
JO ANNE B. BARNHART,     )
COMMISSIONER OF          )
SOCIAL SECURITY,         )
                             )
          Defendant    )

## MEMORANDUM ORDER

CONTI, District Judge.

This is an appeal from the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying the claim of Steven C. Baltich ("plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §423. Plaintiff asserts that the decision of the Administrative Law Judge ("ALJ") should be reversed because it is not supported by substantial evidence. The parties filed cross-motions for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.

The court will deny plaintiff's motion and grant defendant's motion for summary judgment because the decision of the ALJ is supported by substantial evidence.

### *Procedural History*

Plaintiff filed a previous application for DIB October 31, 1996 which was denied by an administrative law judge in a decision dated February 13, 1998. That decision was upheld by he Appeals Council and no appeal was taken by plaintiff. Accordingly, the February 13, 1998

decision became a final decision.  On February 14, 2001 plaintiff filed the instant application for DIB.  This claim was also denied, and a hearing was held before the ALJ on January 17, 2002.  The ALJ in an opinion issued on March 28, 2002 held that plaintiff was not disabled.  Plaintiff commenced a civil action for review of the ALJ's decision.  Initially, this action was remanded to the Commissioner for further proceedings in accordance with the sixth sentence of 42 U.S.C. §405(g) because the claim file could not be located.  On November 7, 2003, the Appeals Council vacated the ALJ's decision and remanded to the ALJ for a de novo hearing for the purpose of reconstructing the claim file.  The Appeals Council later vacated its remand order and reinstated the ALJ's decision of March 28, 2002 because the claim file was subsequently located.

### *Legal Standard*

When reviewing an administrative law judge's determination subsequently adopted by the Commissioner, this court is bound to affirm the Commissioner's findings if supported by substantial evidence.  42 U.S.C. §405(g); Podedworny v. Harris, 745 F.2d 210, 217 (3d Cir. 1984).  "Substantial evidence is 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate.'"  Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389 (1971)).  Under this standard, courts are not permitted to weigh the evidence or substitute their own conclusions for that of the fact-finder.  Burns v. Burnhart, 312 F.3d 113, 118 (3d Cir. 2002); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (reviewing whether the administrative law judge's findings "are supported by substantial evidence" regardless of whether the court would have differently decided the factual inquiry).

*Discussion*

Under Title XVI of the SSA, a disability is defined as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §1382c(a)(3)(A). Likewise, a person is unable to engage in substantial gainful activity when "his physical impairment . . . or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §1382c(a)(3)(B).

When making the disability determination, the administrative law judge must engage in a five-step sequential evaluation. Burns v. Barnhart, 312 F.3d at 118-119 (citing 20 C.F.R. §416.920). The steps are: (1) whether the plaintiff is currently engaged in substantial gainful activity; (2) if not, whether the plaintiff has a severe impairment; (3) if so, whether the plaintiff's severe impairment meets or equals the criteria of an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if not, whether the plaintiff's impairment prevents him from performing his past relevant work; and (5) if so, whether the plaintiff can perform any other work which exists in the national economy in light of his age, education, work experience and residual functional capacity. Id. at 119; 20 C.F.R. §§ 404.1520, 416.920.

Here, the ALJ found that: (1) plaintiff is not currently engaged in substantial gainful activity and has not been since February 14, 1998; (2) he suffers from chronic back strain and is status/post myocardial infarction, which are considered "severe" based upon the requirements in the regulations 20 C.F.R. §416.920(b); (3) he has no impairments that meet or equal any of the

3

impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) plaintiff retained the residual

functional capacity to perform light work activity, subject to certain limitations, but could not

return to any past relevant work; and (5) there are other jobs in the national economy that

plaintiff could perform.  (Tr. at 22).

Plaintiff essentially raises four arguments.  First, plaintiff asserts that the ALJ erred in

concluding that the plaintiff's diabetes mellitus, asthma and hyper tension are non-severe

impairments.  Second, plaintiff alleges the ALJ erred in evaluating the medical evidence

presented, specifically in failing to give controlling weight to the opinion of the treating

physician.  Third, plaintiff argues the ALJ erred in concluding plaintiff's statements concerning

his impairments and their impact on his ability to work were not entirely credible.  Finally,

plaintiff asserts the ALJ erred in relying on plaintiff's sporadic daily activities to support a

finding of not disabled.  Defendant, however, contends that the ALJ's decision is supported by

substantial evidence.

I.      **The ALJ's determination that plaintiff's diabetes mellitus, asthma and hypertension
        are non-severe was supported by substantial evidence.**

Plaintiff first alleges that ALJ erred in concluding that plaintiff's diabetes mellitus,

asthma and hypertension are non-severe impairments.  A non-severe impairment, under the social

security guidelines, is one that does not significantly limit a claimant's ability to do basic work

activities.  20 C.F.R. §404.1520(a); see Bowen v. Yuckert, 482 U.S. 137, 141 (1987).  The

claimant bears the burden of proving that any impairments are severe.  20 C.F.R. §404.1512(a);

see Yukert, 482 U.S. at 146 n.5.  The record reflects that the ALJ carefully considered the

existence of these impairments.  In assessing the severity, the ALJ discussed the treatment given

4

to the patient by his treating physician, Dr. Jakubek.  (Tr. 15-16, 371-77.)

With respect to plaintiff's diabetes, the ALJ considered the fact that Dr. Jakubek's treatment plan included diet, exercise, and weight loss.  (Tr. 15, 371.)  The ALJ also noted that the consulting physician, Dr. Davoli, reported that plaintiff's diabetes was essentially controlled by diet, that plaintiff was not taking any medications for this condition, and that there was no evidence that other organs have been affected.  (Tr. 15, 410.)  The ALJ particularly noted that plaintiff's visual exam in April 2001 showed normal vision.  (Tr. 15, 407.)  Considering the record as a whole, there is substantial evidence to support the ALJ's finding that the diabetes is a non-severe impairment.

With respect to plaintiff's asthma, the record reflects that although plaintiff has prescriptions to control the condition, those prescriptions have been only occasionally filled.  (Tr. 449.)  Additionally, the physical examinations of plaintiff consistently showed that his lungs were clear (Tr. 136, 176, 344-45, 443, 451), progress notes made by Dr. Jakubek found plaintiff had few complaints (Tr. 372-74, 376), and his chest x-rays were normal (Tr. 282, 384.)  There is substantial evidence to support the ALJ's finding that the asthma is a non-severe impairment.

Despite finding the asthma condition to be non-severe, the ALJ considered the asthma condition when determining the limitations to describe in the hypothetical given to the vocational expert.  (Tr. 53-54.)   Specifically, the ALJ proposed a hypothetical person including limitations relating to avoidance of moderate to extreme amounts of extreme cold or extreme heat or wetness or humidity, or significant fumes, odors, dust, gases, or poor ventilation.  (Tr. 53-54.)  Even with those limitations, the vocational expert opined that there existed jobs in numerous quantities in the national economy which could be performed by a person subject to those

5

limitations.

Finally, with respect to plaintiff's hypertension, the ALJ made his decision based upon the fact that the treating physician consistently referred to the fluctuations in plaintiff's blood pressure as mildly elevated, and that this condition is treated with minimal doses of medication. (Tr. 15, 371, 446.)  Substantial evidence of record supports the ALJ's decision that, after considering these factors, plaintiff's hypertension is a non-severe impairment.

The ALJ based upon the medical evidence of record did not err in finding that plaintiff's diabetes mellitus, asthma and hypertension are non-severe impairments.

**II.     The ALJ did not err in determining the weight given to the opinion of the treating physician, Dr. Jakubek.**

Plaintiff alleges the ALJ erred in evaluating the medical evidence presented, specifically in not giving Dr. Jakubek's opinion controlling weight.  To give a treating physician's opinion controlling weight, the opinion must be a medical opinion that is well supported by medically accepted clinical and laboratory diagnostic techniques and is consistent with the other substantial evidence of record.  20 C.F.R. §404.1527(d)(2).  Dr. Jakubek states that he believes plaintiff is capable of less than sedentary work activity and cannot work on a sustained basis.  (Tr. 17, 326-329.)  Dr. Jakubek's opinion, however, is not supported by clinical and laboratory techniques of record.

Turning first to plaintiff's medical record, it is noted that all diagnostic studies performed, including an MRI of the lumbar and thoracic spine, a bone scan, and chest x-rays for cardiac abnormalities were negative.  (Tr. 203, 282, 305, 307.)  Additionally, physical therapy provided plaintiff with decreased lower back pain.  (Tr. 265, 312.)  Finally, Dr. Jakubek's own notes and

6

treatment reflected only mild to moderate and sporadic lower back pain.  (Tr. 370, 377.)  All of this was noted by the ALJ and considered during his decision-making process.  (Tr. 16-17.)

In addition to Dr. Jakubek's opinion being unsupported by medical evidence, it is also inconsistent with other substantial evidence of record.  Specifically, plaintiff required only conservative treatment for both his back pain and cardiac condition and was being treated only by his primary care physician for both conditions.  Plaintiff had not required any cardiac work-ups since 1996, and no recent stress tests or catheterization had been required.  Plaintiff had no emergency room visits for either back pain or his heart condition.  In addition, Dr. Davoli's consultative examination was negative for everything except high blood pressure, mild limitation of the lumbar spine on forward flexion, and some rhonchi.  (Tr. 409-12.)  Visually, Dr. Davoli noted that plaintiff did not have problems with movement, gait or sensory exams, and ultimately found plaintiff could perform light work, with certain environmental restrictions.  (Tr. 411-12.)

The state agency medical consultant's opinion, although not entitled to controlling weight, must be considered.  20 C.F.R. §404.1527(f)(1)-(2).  This consultant noted an assessment that was consistent with Dr. Davoli's opinion.  (Tr. 431-34.)  The state agency medical consultant found that plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for a total of 6 hours in an 8 hour workday, sit for a total of 6 hours in an 8 hour workday, and push and/or pull without limitation.  (Tr. 431.)  She also found that plaintiff could climb, balance, stoop and crouch occasionally, and kneel and crawl frequently, but that plaintiff should avoid moderate exposure to extreme heat and cold, wetness, humidity and fumes or odors. (Tr. 432, 434.)  No manipulative, visual or communicative limitations were found.  (Tr. 433-34.) No medically determinable mental impairment was found.  (Tr. 416.)

7

Considering the record as a whole, the ALJ did not err in determining the weight given to the various opinions relating to plaintiff's residual functioning capacity.

### III. The ALJ did not err in concluding that plaintiff's statements of pain are not entirely credible.

The standard for evaluating a claimant's subjective symptoms is set forth at 20 C.F.R. §404.1529. Under this standard, there must be objective medical evidence of some condition that could reasonably produce pain, but there need not be objective evidence of the pain itself. Green v. Schweiker, 749 F.2d 1066 (3d Cir. 1984). Ultimately, a medically determinable impairment that could reasonably be expected to produce the symptoms alleged is required. 20 C.F.R. §404.1529(b). The ALJ may reject the plaintiff's complaints of pain when there is contrary medical evidence of record, and the ALJ explains his basis for rejecting the complaints. Mason v. Shalala, 994 F.2d 1058, 1067 (3d Cir. 1993). In this case, the only objective evidence found was the slight restriction of forward flexion cited on Dr. Davoli's report. (Tr. 411.) Dr. Muccio, a neurologist, found nothing remarkable that would cause plaintiff such back pain. (Tr. 307.)

The ALJ found plaintiff's testimony to be not entirely credible, and expressly detailed his reasoning. (Tr. 17-20.) The ALJ commented on the opinions of Dr. Davoli and the state agency medical consultant, which both found plaintiff had residual functional capacity to do light work with certain environmental limitations. (Tr. 20, 412, 430-37.) The ALJ also noted that both Dr. Jakubek's opinion and plaintiff's complaints of pain were inconsistent with many items, including the findings of Drs. Muccio and Davoli (Tr. 16-17, 19, 306, 411), the visual acuity of 20/20 in both eyes (Tr. 18, 407, 411), the objective diagnostic studies, including bone scans,

8

MRI's, and chest x-rays (Tr. 16, 136, 203-04, 208-10, 282, 310, 384), the lack of current

diagnostic studies (Tr. 17), the conservative treatment of Dr. Jakubek (Tr. 17), the lack of

frequent emergency room visits (Tr. 17), the few complaints of plaintiff to the treating physician

(Tr. 18), and plaintiff's daily activities (Tr. 18-19, 465-75).  Considering the record as a whole,

substantial evidence exists to support the ALJ's finding that plaintiff's subjective complaints of

pain were not entirely credible.

      The evidence offered by plaintiff to support his complaints of pain included evidence of

treatment that occurred after the ALJ's decision and therefore was not available to the ALJ.  This

court cannot consider evidence that did not come before the ALJ when reviewing the decision.

Matthews v. Apfel, 239 F.3d 589, 593-95 (3d Cir. 2001).  A remand is not warranted to consider

the evidence because the evidence did not "relate to the time period for which benefits were

denied."  Szubak v. Secretary of Health and Human Services, 745 F.2d 831, 833 (3d Cir. 1984)

(to support a remand new evidence, among other things, must be material; an "implicit

materiality requirement is that the new evidence relate to the time period for which benefits were

denied").  Here the new evidence consists of medical records from July 12, 2002 through July 22,

2002 (Tr. 464-75) – a time frame which is almost six months after the hearing before the ALJ

and four months after the ALJ issued his decision.  The new evidence included an

echocardiogram report dated July 12, 2002 (Tr. 475), treadmill test results from July 12, 2002

(Tr. 420) and a report of a heart catheterization performed on July 22, 2002 (Tr. 465).  That

evidence appears to relate to the July 2002 time period and at best may only provide evidence of

a subsequent deterioration of his previously non-disabling condition.  Id.

IV.     **The ALJ's reliance on plaintiff's daily activities to support a finding of non-disabled was not in error.**

Since the severity of plaintiff's impairment could not be determined solely by objective medical evidence, other evidence may be considered.  20 C.F.R. §404.1529(c).  It is recognized that caring for oneself is a completely different activity than engaging in substantial gainful activities.  Frankenfield v. Bowen, 861 F.2d 405 (3d Cir. 1988). Among other evidence, daily activities is a permissible way to measure the effect of pain on a claimant and must be considered.  As a whole, this evidence can support a determination that allegations of pain are exaggerated.  20 C.F.R. §404.1529(c); see Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999).  Here, plaintiff's daily activities noted by the ALJ were watching television, going to the store for a few items, caring for personal needs and some minor yard work, with help.  (Tr. 18, 42-49.)  These activities alone do not support a finding of non-disabled.  When viewed in combination with the lack of objective medical evidence and the inconsistent opinions produced by examining and consulting physicians, these daily activities can be properly considered in determining whether plaintiff's complaints are exaggerated and not entirely credible.

### Conclusion

Based upon the evidence of record, the parties' arguments and supporting documents filed in support and opposition thereto, this court concludes that substantial evidence supports the ALJ's finding that plaintiff is not disabled.  The decision of the ALJ denying plaintiff's application for DIB is affirmed.  Therefore, the plaintiff's motion for summary judgment (Docket No. 14) is DENIED, and the defendant's motion for summary judgment (Docket No. 12) is GRANTED.

10

IT IS ORDERED AND ADJUDGED that judgment is in favor defendant, Jo Anne B.

Barnhart, Commissioner of Social Security and against plaintiff, Steven V. Baltich.

The clerk shall mark this case closed.

By the court:

Dated: July 29, 2005                    /s/ Joy Flowers Conti
                                        Joy Flowers Conti
                                        United States District Court Judge

cc:     Barbara J. Artuso
        Underwood Center
        550 East Pittsburgh Street
        Greensburg, PA 15601

        Paul E. Skirtich
        Western District of PA
        700 Grant Street, Suite 400
        Pittsburgh, PA 15219

11